IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00311-JLK

Q PUBLISHING GROUP, LTD.,
a Colorado limited liability company,

     Plaintiff,

v.

OUTFRONT MEDIA INC.,
a Maryland corporation and real estate investment trust,

     Defendant.

## STIPULATION AND PROTECTIVE ORDER

**Kane, J.**

     Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

     1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties

have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.  "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential business information, including trade secrets.

3.  Where Confidential Information is produced, provided or otherwise disclosed by a Party, including but not limited to in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party, including but not limited to in response to a discovery request or transcribed testimony, shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed and to whom disclosure is reasonably necessary for this litigation.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses any of Plaintiff's, Defendant's or a non-party's Confidential Information as authorized hereunder shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the

information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. If timely corrected, an inadvertent failure to designate as "Confidential Information" qualified information or items does not, standing alone, waive the Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

12. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulation and Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the affidavit that is attached hereto as Exhibit A.

13. When a producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production of a privileged or work product protected document is not a waiver in the

pending case or in any other federal or state proceeding. For example, the mere inadvertent production of privileged or work product protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

      14.    The terms of this Order are applicable to information produced by a non-party in this action and designated as Confidential Information or Highly Confidential Information. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections. In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall: (a) promptly notify in writing the requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party; (b) promptly provide the non-party with a copy of the Stipulation and Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the non-party. If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving Party may produce the non-party's confidential information

responsive to the discovery request.  If the non-party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its confidential information.

      15.   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Information or Highly Confidential Information that Party must: (a) promptly notify in writing the designating Party.  Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulation and Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose confidential material may be affected.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential before a determination

by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

16. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

17. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of

Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

18. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or immediately destroy all Confidential Information and promptly provide written certification to the producing party of such destruction. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

20. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated:  July 10, 2015                              **s/ John L. Kane**
                                                   Senior U.S. District Judge


**STIPULATED AND AGREED TO:**


By: s/ Robert R. Brunelli                KILPATRICK TOWNSEND &
Robert R. Brunelli                       STOCKTON LLP
    rbrunelli@sheridanross.com
Antonio G. Vann                          By: s/ Brian P. O'Donnell
    avann@sheridanross.com       Brian P. O'Donnell (#46802)
SHERIDAN ROSS P.C.                       1400 Wewatta Street, Suite 600
1560 Broadway, Suite 1200                Denver, CO 80202
Denver, Colorado 80202                   Telephone: (303) 571-4000
Telephone:   303 863 9700                Facsimile: (303) 571-4321
Facsimile:   303 863 0223                BOdonnell@kilpatricktownsend.com
Email:  litigation@sheridanross.com
                                         Dennis Wilson
ATTORNEYS FOR PLAINTIFF                  9720 Wilshire Blvd., PH
                                         Beverly Hills, CA 90212
                                         Telephone: (310) 248-3830
                                         Facsimile: (310)860-0363
                                         DWilson@kilpatricktownsend.com

                                         Christopher Varas
                                         1420 Fifth Ave, Suite 4400
                                         Seattle, WA 98101
                                         Telephone: (206) 467-9600
                                         Facsimile: (206) 623-6793
                                         CVaras@kilpatricktownsend.com
                                         Attorneys for Defendant

# EXHIBIT A
# AFFIDAVIT

STATE OF COLORADO  )
                                  )    ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Q Publishing Group, LTD v. Outfront Media Inc.*, Civil Action No. 15-cv-00311-JLK, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____
_____

Telephone No.: (___)_____

11

SUBSCRIBED AND SWORN to before me this _____ day of _____,

20\_\_\_, by _____.

WITNESS my hand and official seal.

_____
Notary Public

[S E A L]

My Commission Expires: _____